UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SHANE, individually and as successor-in-interest for Decedent Isaiah Shane,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No.: 22-CV-1309-JO-SBC<br><br>**ORDER ON DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER EXCUSING NATSA DEFENDANTS FROM ATTENDANCE AT ENE** |

Before the Court is the National Association for the Treatment of Sexual Abuse ("NATSA"), Yoshita Conrad, Freddy Macias, and Jeanette Villarreal's (collectively, "NATSA Defendants") *Ex Parte* Application for an Order Excusing NATSA Defendants from Attendance at ENE ("*Ex Parte* Application"). (Doc. No. 74.) In relevant part, the NATSA Defendants move the Court for an order excusing individual Defendants Conrad, Macias, and Villarreal from appearing at the July 27, 2023, Video Early Neutral Evaluation Conference ("ENE") in this matter. The NATSA Defendants explain Conrad will be on a pre-paid vacation, Macias will be standing by for the birth of his child, and Villarreal will be working at the time of the ENE. In doing so, the NATSA Defendants aver their counsel of record, Daniel Modafferi, and insurance adjuster, Mary Rossi, will both have "full

authority to discuss and enter into settlement." (*Id.*, 2:4-6.) The NATSA Defendants add that Plaintiff does not oppose the instant request for relief.

As a threshold matter, Rule 16.1(c) of this District's Civil Local Rules requires parties and party representatives vested with full settlement authority to participate in a settlement conference before the Court. See S.D. Cal. Civ. L. R. 16.1(c). "Full settlement authority" means parties and party representatives must be authorized to fully explore settlement options and agree to settlement terms *at the time of the settlement conference*. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) (emphasis added). Party representatives must have "unfettered discretion and authority" to change the settlement position of the party they represent. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. July 8, 2003) (noting that full settlement authority permits the party representative to adjust their view of the case while engaging in a face-to-face settlement conference). A limited or a sum certain of authority is not adequate; party representatives must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

As noted, the NATSA Defendants offer varying reasons for their absence from the July 27, 2023, ENE. With the exception of Defendant Macias, the Court finds none of those reasons availing. As named parties to this Action and having asserted affirmative defenses in their Amended Answer to the operative First Amended Complaint, Defendants must actively engage in all aspects of this litigation, including the court-mandated ENE. (*See* Doc. No. 61.) Conrad's vacation and Villarreal's work schedule are not sufficiently compelling reasons to warrant their absence from the ENE. Nevertheless, the Court GRANTS the NATSA Defendants' *Ex Parte* Application exclusively because Plaintiff's counsel attested he and the insurance adjuster have "full settlement authority" and he "would not need to contact anyone at NATSA for settlement approval." (July 19, 2023, Email from Daniel Modafferi to this Court's Chambers.) The NATSA Defendants are

/ / /

/ / /

cautioned that similar requests for relief will not be granted absent an unequivocal showing of good cause.

**IT IS SO ORDERED.**

Dated: July 26, 2023

Hon. Steve B. Chu
United States Magistrate Judge